UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN MALCOLM,<br><br>       Plaintiff,<br>v.<br><br>ACRYLIC TANK MANUFACTURING OF NEVADA, et al.,<br><br>       Defendants. | Case No. 2:17-cv-01108-JCM-PAL<br><br>ORDER<br><br>(Mot Strike – ECF No. 9) |

  Before the court is Plaintiff Steven Malcolm's Notice of Motion and Motion to Strike Portions of Affidavit of T. Scott Sullivan, filed as Exhibit A to Reynolds Polymer Technology, Inc.'s Motion to Dismiss (ECF No. 9). The court has reviewed the Motion, Defendant Reynolds Poly Technology, Inc's Response (ECF No. 11), and Plaintiff Steven Malcom's Reply (ECF No. 13).

  Plaintiff seeks to strike paragraph 11 of Mr. Sullivan's affidavit on the grounds it does not set forth any facts and consists of a legal opinion. Defendant responds that the statement is not a legal conclusion but was "intended to be a statement of fact and is otherwise admissible." Plaintiff replies that the question of whether defendant's contacts with Nevada are sufficient to establish personal jurisdiction is a question of law, and by describing the contacts as "sporadic", characterizing the assertion as a fact, Sullivan's affidavit amounts to a legal conclusion.

  The motion to dismiss argues the court lacks personal jurisdiction over defendant Reynolds Polymer Technology, Inc., a corporation with its principal place of business in Colorado that has had no continuous and systematic contacts with Nevada. It argues the company's sole contact is the sale of one aquarium tank to a Nevada company which was manufactured in Colorado and shipped directly from Colorado to Scotland where its allegedly caused plaintiff

harm. Mr. Sullivan is the president of Reynolds who provided an affidavit supporting the motion. The paragraph at issue states:

> 11. Over the past decade, Reynolds has had sporadic contacts with Nevada-based companies, mostly including supply-only orders of materials. For example, since 2014, Reynolds has provided materials and/or services on only four occasions to companies in Nevada.

The motion puts the words "sporadic contacts," "mostly", and "only" in bold suggesting these are legal conclusions rather than facts. While the paragraph may be conclusory with respect to the company's contacts with Nevada-based companies over the past decade, it is not a legal conclusion.

**IT IS ORDERED** that Plaintiff Steven Malcolm's Notice of Motion and Motion to Strike Portions of Affidavit of T. Scott Sullivan, filed as Exhibit A to Reynolds Polymer Technology, Inc.'s Motion to Dismiss (ECF No. 9) is **DENIED**.

DATED this 30th day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE