# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN MALCOLM, | Case No. 2:17-CV-1108 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ACRYLIC TANK MANUFACTURING, INC., et al, | |
| Defendant(s). | |

Presently before the court is defendant Reynolds Polymer Technology, Inc.'s ("Reynolds") motion to dismiss. (ECF No. 6).[1] Plaintiff Steven Malcom filed a response (ECF No. 8), to which Reynolds replied (ECF No. 10).

I. **Facts**

This action arises from the destruction of plaintiff's aquarium allegedly caused by a product defect. Plaintiff, a resident of Scotland, contacted defendant Acrylic Tank Manufacturing of Nevada ("ATM") in 2007 to "design, engineer, fabricate, and install a custom state-of-the-art . . . aquarium." (ECF No. 1 at 3). After receiving the contract, ATM contacted Reynolds in June of 2007 to manufacture the tank. (ECF No. 6 at 16).

Reynolds completed fabrication of the tank and shipped it directly to Scotland from its warehouse in Colorado. (ECF No. 6 at 6). The tank's dimensions measured 3.5 meters in diameter by 10 meters in height—the tank was designed to accommodate approximately 25,000 gallons of water. (ECF No. 1-1 at 2). Reynolds did not participate in the tank's installation as "ATM supplied its own engineers and builders to install the aquarium" in plaintiff's home. (ECF No. 1 at 3). ATM

---

[1] Plaintiff incorrectly spelled Reynold's name ("Ploymer") in filing his pleadings.

completed installation in Scotland in March 2010. (ECF No 1 at 3). On November 30, 2015, approximately five years and eight months later, the tank allegedly collapsed and its contents flowed through plaintiff's home causing damages in excess of £5,900,00.00 GBP ($7,550,000.00). (*Id*.).

On April 21, 2017, plaintiff filed the underlying complaint alleging seven claims of relief: (1) breach of contract against ATM; (2) breach of implied warranty of merchantability against ATM; (3) breach of implied warranty of fitness for a particular purpose against ATM; (4) negligence against ATM and Reynolds; (5) strict liability against ATM and Reynolds; (6) breach of implied warranty of merchantability against Reynolds; and (7) breach of implied warranty of fitness for a particular purpose against Reynolds. (ECF No. 1).

In the instant motion, Reynolds argues that dismissal of claims (4) through (7), as they relate to Reynolds, is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(2) because the court lacks personal jurisdiction. (ECF No. 6).

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Two categories of personal

James C. Mahan
U.S. District Judge

- 2 -

jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum state, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014) ("*Daimler*"). "This is an exacting standard as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

### III. Discussion

#### A. General Jurisdiction

Plaintiff alleges that Reynolds engaged in business with several Nevada companies on many "grand" projects and these contacts are sufficient to justify general jurisdiction. (ECF No. 8 at 8). Plaintiff contends that Reynolds' contacts with Nevada are so vast and so pervasive that it is subject to general jurisdiction. (*See* ECF No. 8). Specifically, plaintiff highlights, *inter alia*, the following ten contacts with the forum state: (1) Reynolds' infinity pool panels for the Marquee Night Club at the Cosmopolitan; (2) the shark reef at Mandalay Bay; (3) a custom aquarium at the Golden Nugget; (4) various transactions for the Mirage hotel, Mandalay Bay, and the Wynn Las Vegas; (5) a water feature at the Pallazzo; (6) an aquarium at the Rainforest Café; (7) work for the Bass Pro shop on Dean Martin Drive; (8) various work for Hammerhead International, a Nevada corporation; (9) a comment from Wade King, owner of ATM, who highlighted the quality of Reynold's products on a comparative global scale, and a comment by *The Denver Post* stating that [ATM] purchases supplies from Reynolds for "its smaller projects"; and (10) that Reynolds' sister company's projects include work in the Las Vegas area. (ECF Nos. 8 at 7–8; 8-1).

The court disagrees. As the United States Supreme Court held in *Daimler*, for a court to exercise general jurisdiction, a defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *Daimler*, 134 S. Ct. at 760–61. Engaging in commerce with residents of the forum state is "not in and of itself the kind of activity that approximates physical presence." *Bancroft*, 223 F.3d at 1086; *see also id*. (citing to and comparing *Helicopteros*, 466 U.S. at 418, with *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 447 (1952), as "upholding Ohio's exercise of general jurisdiction over corporation where corporation's president worked out of an office in Ohio from which he drew and distributed payroll checks, performed corporation's filing and correspondence, and held regular directors' meetings, and where the corporation held two Ohio bank accounts.").

Reynolds' projects in Nevada, "even if occurring at regular intervals, are not enough to establish general jurisdiction" because the general jurisdiction standard is "exacting." *Schwarzenegger*, 374 F.3d at 801. Reynolds is a corporation "organized and existing under the

laws of Colorado, having its principal place of business located at 607 Hollingsworth St., Grand Junction, Colorado." (ECF No. 1 at 2). As T. Scott Sullivan, president of Reynolds, states in his affidavit:

> Reynolds is incorporated . . . in Colorado. Reynolds does not maintain an office in Nevada. Reynolds does not have any employees in Nevada. Reynolds is not registered to do business in Nevada. Reynolds has not conducted events or sponsored promotions in Nevada. Reynolds has not advertised in magazines, newspapers or through television or radio directed at the state of Nevada or its citizens. Reynolds has not owned any real or personal property in Nevada. Reynolds has not leased any real or personal property in Nevada. Reynolds does not maintain a registered agent for service in Nevada.

(ECF No. 6 at 16).

As Reynolds is not "at home" in Nevada, the court does not have general jurisdiction over Reynolds.

Plaintiff further contends that in analyzing general jurisdiction, the court should consider the five reasonableness factors as set forth in *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 113 (1987). (ECF No. 8 at 8). However, plaintiff confuses general and specific jurisdiction. *See Daimler*, 134 S. Ct. at 762 n.20 ("Imposing [an *Asahi*] checklist in cases of general jurisdiction would hardly promote the efficient disposition of an issue that should be resolved expeditiously at the outset of litigation.").

Additionally, plaintiff cites to *Trump v. Eighth Judicial Dist. Ct.*, 857 P.2d 740 (Nev. 1993), wherein the court found general jurisdiction relating to business dealings. (ECF No 8 at 8). However, the instant case is distinguishable as ATM contacted Reynolds to solicit business and not the converse. (*See* ECF No. 6 at 17).

Accordingly, no general jurisdiction exists over Reynolds in Nevada because Reynolds is a Colorado company and is not "at home" in Nevada. *See Daimler*, 134 S. Ct. at 760–61 (describing the general jurisdiction analysis).

. . .

. . .

. . .

. . .

### B. Specific Jurisdiction

Plaintiff alleges that specific jurisdiction cannot be determined at this time and that jurisdictional discovery is required to determine specific jurisdiction. (ECF No. 8 at 10).[2]

Because no general jurisdiction exists, plaintiff must demonstrate that his allegations establish a *prima facie* case for specific jurisdiction to withstand dismissal under Rule 12(b)(2). *See Boschetto*, 539 F.3d at 1015. In other words, plaintiff must satisfy the first two prongs of the test for specific jurisdiction. *See Schwarzenegger*, 374 F.3d at 802.

In neither the complaint (ECF No. 1), nor the response to Reynolds' motion to dismiss (ECF No. 8), does plaintiff allege sufficient facts to satisfy the first two prongs of the test. Rather, plaintiff speculates that he might be a third-party beneficiary to a contract that may exist between ATM and Reynolds. (ECF No. 8 at 10). Plaintiff thus maintains that he would "have the benefit of any clause requiring the application of Nevada law or requirement of a Nevada venue." (*Id.*). However, plaintiff fails to set forth sufficient facts in support of his speculative allegation. He does not adequately allege facts that would support a reasonable inference that the alleged contract contains such choice of law and choice of venue clauses that would support an inference of specific jurisdiction.

Even taking plaintiff's allegations as true, plaintiff has failed to establish a *prima facie* case of specific jurisdiction. Plaintiff fails to allege any facts to support a reasonable inference that Reynolds directed its activities at Nevada or performed any act in Nevada. Nor does plaintiff sufficiently allege any facts to show that plaintiff's claims arose from Reynold's Nevada-related activities.

Accordingly, Plaintiff has failed to allege a *prima facie* case of specific jurisdiction and Reynold's motion to dismiss will be granted.

### IV. Conclusion

Based on the aforementioned, the court will dismiss, without prejudice, plaintiff's claims (4) through (7) against Reynolds for lack of personal jurisdiction.

---

[2] Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's request for jurisdictional discovery unless it is filed separately, as a motion.

James C. Mahan
U.S. District Judge

- 6 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Reynolds' motion to dismiss for lack of jurisdiction (ECF No. 6) be, and the same hereby is, GRANTED.

DATED July 6, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge