UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| STEVEN MALCOLM, | Case No. 2:17-cv-01108-JCM-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ACRYLIC TANK MANUFACTURING OF NEVADA, et al., | |
| Defendants. | |

**IT IS SO ORDERED** that:

1. The Federal District Court – District of Nevada respectfully requests the assistance of the Court of Session, Scotland in obtaining the trial evidence sought from witnesses residing in Scotland, as specified in Exhibit A and Exhibit B.

2. The documents and evidence identified in Exhibit A and Exhibit B are necessary for the purposes of justice and for the due determination of the matters in dispute between the parties.

3. It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that the Court of Session, Scotland cause the following witnesses, who are resident within your jurisdiction, to be examined for purposes of recording and preserving their testimony and order the production of documents for trial. The names and addresses of the witnesses are as follows:

    a. David Matthews – Director of WMA
       Station Master's Office, Dalmeny Station, South Queensferry EH30 9JP

    b. Julian Hunter – Julian Hunter Architects
       3 Abertay Gardens
       Broughty Ferry
       Dundee DD5 2RR
       United Kingdom

4. The Federal District Court – District of Nevada respectfully requests the Court of Session, Scotland to make orders for the recovery of the particular documents specified and for the oral examination of the said witnesses on the matters specified in Exhibits A and B according to your usual and proper processes.

DATED this 9th day of February, 2018.

                                      PEGGY A. LEEN
                                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
Request for Documents and Oral Evidence for Trial from Julian Hunter Architects

EXHIBIT A – Julian Hunter Architects, 3 Abertay Gardens, Broughty Ferry, Dundee DD5 2RR, United Kingdom

The Applicant requests the following documents in the hands of Julian Hunter Architects or anyone on its behalf for use as evidence at trial:

1. All documents (including electronic documents, project file documents, drawings, instructions, memoranda, notes, inspection reports, emails and correspondence) relating to the design, inspection, and construction of the home of Mr. Steven Malcolm located at 7, The Queens Crescent, Gleneagles (the "Home") containing entries showing or tending to show the construction and/or design of the Aquarium installed within the Home and all connections of the Aquarium to any part of the Home.

2. All photographs of the Home showing or tending to show the stages of construction of the Aquarium installed within the Home during the course of its installation and construction and all connections of the Aquarium to any part of the Home.

3. All photographs of the Home after completion of construction of the Aquarium installed within the Home showing or tending to show the state of the completed Aquarium and all connections of the Aquarium to any part of the Home.

4. All Requests for Information ('RFIs') issued in respect of or relating to the design, construction, or installation of the Aquarium installed within the Home

and all connections of the Aquarium to any part of the Home, and all responses to those RFIs.

5. All Change Orders issued, and all potential or draft change orders prepared, during the design and/or construction of the Home in respect of or relating to the Aquarium installed within the Home and any connection of the Aquarium to any part of the Home.

6. All calculations pertaining to the design and/or construction of any part of the Aquarium installed within the Home and any connection of the Aquarium to any part of the Home.

7. All blueprints, schematics, drawings, plans or sketches for the Aquarium showing or tending to show the installation of the Aquarium within the Home or any connection of the Aquarium to any part of the Home.

8. All contracts with any person or entity which performed any design, construction, or inspection in relation to the Aquarium installed within the Home or any connection of the Aquarium to the Home.

9. Any advice sought or received from WMA Engineering regarding the Aquarium installed within the Home, the manner of installation of the Aquarium or any connection of the Aquarium to any part of the Home.

10. All written communications with Acrylic Tank Manufacturing, Inc ('ATM') regarding the Home, the Aquarium installed in the Home, or any connection of the Aquarium to any part of the Home.

11. All written communications with Reynolds Polymer Technology, Inc regarding the Home or the Aquarium installed in the Home, or any connection of the Aquarium to any part of the Home.

12. Lists, spreadsheets, or databases containing details of the individuals and entities that performed design, construction, or inspection services for the installation of the Aquarium in the Home, or any connection of the Aquarium to any part of the Home.

Subject matter of oral examination of Julian Hunter as comprising the evidence of Julian Hunter for use at trial:

1. Julian Hunter Architects' work performed on the home of Mr. Steven Malcolm located at 7 The Queens Crescent, Gleneagles (the "Home") relating to the design, construction, and installation of the Aquarium within the Home.

2. The process of construction of the Home and the connection of any part of the Aquarium with any part of the Home.

3. The as-built state of the Home and any connection of the as-built Aquarium with any part of the Home.

4. The developed design intention for the place of the Aquarium within the Home, the support for the Aquarium and any connection between the Aquarium and the Home.

5. The work performed on the Home relating to the cover of the Aquarium, the connection of the roof and ceiling to the Aquarium, the base of the Aquarium, and the accommodation of the Aquarium within the Home.

6. Communications with any person or entity including WMA Engineering, regarding the design of the base of the Aquarium which was installed at the Home.

7. Communications with any person or entity including WMA Engineering relating to the design or installation of the cover (including connection of the roof and ceiling) to the Aquarium which was installed at the Home.

8. Communications with Acrylic Tank Manufacturing Inc ('ATM') and/or Reynolds Polymer Technology Inc relating to the Aquarium, Aquarium base, or Aquarium cover.

9. The identities of all subcontractors, suppliers, subconsultants, and employees for Julian Hunter Architects who performed work for the Home.

# Exhibit B

Request for Documents and Oral Evidence for Trial from WMA Limited

EXHIBIT B – WMA Limited, Station Master's Office, Dalmeny Station, South Queensferry EH30 9JP, United Kingdom

The Applicant requests the following documents in the hands of WMA Limited or anyone on its behalf for use as evidence at trial:

1. All documents (including electronic documents, project file documents, drawings, instructions, memoranda, notes, inspection reports, emails, and correspondence) relating to the design, inspection, and construction of the home of Mr. Steven Malcolm located at 7, The Queens Crescent, Gleneagles ("the Home") containing entries showing or tending to show the construction and/or design of the Aquarium installed within the Home and all connections of the Aquarium to any part of the Home.

2. All photographs of the Home showing or tending to show the stages of construction of the Aquarium installed within the Home during the course of its installation and construction and all connections of the Aquarium to any part of the Home.

3. All photographs of the Home after completion of construction of the Aquarium installed within the Home showing or tending to show the state of the completed Aquarium and all connections of the Aquarium to any part of the Home.

4. All Requests for Information ('RFIs') issued in respect of or relating to the design, construction, or installation of the Aquarium installed within the Home and all connections of the Aquarium to any part of the Home, and all responses to those RFIs.

5. All Change Orders issued, and all potential or draft change orders prepared, during the design and/or construction of the Home in respect of or relating to the Aquarium installed within the Home and any connection of the Aquarium to any part of the Home.

6. All calculations pertaining to the design and/or construction of any part of the Aquarium installed within the Home and any connection of the Aquarium to any part of the Home.

7. All blueprints, schematics, drawings, plans or sketches for the Aquarium showing or tending to show the installation of the Aquarium within the Home or any connection of the Aquarium to any part of the Home.

8. All contracts with any person or entity which performed any design, construction, or inspection in relation to the Aquarium installed within the Home or any connection of the Aquarium to the Home.

9. Any advice sought or received from any entity or person or offered regarding the Aquarium installed within the Home, the manner of installation of the Aquarium or any connection of the Aquarium to any part of the Home.

10. All written communications with or about Acrylic Tank Manufacturing, Inc ("ATM") regarding the Home, the Aquarium installed in the Home or any connection of the Aquarium to any part of the Home.

11. All written communications with or about Reynolds Polymer Technology, Inc regarding the Home or the Aquarium installed in the Home, or any connection of the Aquarium to any part of the Home.

12. Lists, spreadsheets, or databases containing details of the individuals and entities that performed design, construction, or inspection services for the installation of the Aquarium in the Home, or any connection of the Aquarium to any part of the Home.

Subject matter of oral examination of David Matthews as comprising the evidence of David Matthews for use at trial:

1. WMA Limited's work performed in relation to the home of Mr. Steven Malcolm located at 7 The Queens Crescent, Gleneagles (the "Home") relating to the design, construction of the Home and Aquarium and installation of the Aquarium within the Home.

2. The process of construction of the Home and the connection of any part of the Aquarium with any part of the Home.

3. The as-built state of the Home and any connection of the as-built Aquarium with any part of the Home.

4. The developed design intention for the place of the Aquarium within the Home, the support for the Aquarium and any connection between the Aquarium and the Home.

5. The work performed on the Home relating to the cover of the Aquarium, the connection of the roof and ceiling to the Aquarium, the base of the Aquarium and the accommodation of the Aquarium within the Home.

6. Communications with any person or entity regarding the design of the base of the Aquarium which was installed at the Home.

7. Communications with any person or entity relating to the design or installation of the cover (including connection of the roof and ceiling) to the Aquarium which was installed at the Home.

8. Communications with Acrylic Tank Manufacturing Inc ('ATM') and/or Reynolds Polymer Technology Inc relating to the Aquarium, Aquarium base, or Aquarium cover.

9. The identities of all subcontractors, suppliers, subconsultants, and employees for WMA who performed work for the Home.