UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN MALCOLM,<br><br>                              Plaintiff(s),<br><br>        v.<br><br>ACRYLIC TANK MANUFACTURING, INC.,<br>et al,<br><br>                              Defendant(s). | Case No. 2:17-CV-1108 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Acrylic Tank Manufacturing of Nevada's ("ATM") motion to modify and certify for interlocutory appeal. (ECF No. 90). Reynolds filed a response (ECF No. 97), to which ATM replied (ECF No. 103).

Also before the court is ATM's motion to transfer venue to the United States District Court, District of Colorado. (ECF No. 127). Plaintiff Steven Malcolm ("Malcolm") filed a response (ECF No. 129), to which ATM replied (ECF No. 130).

**I.      Facts**

This action arises from a 2007 contract between Malcolm and ATM. (ECF No. 1). ATM agreed to build and install a state-of-the-art, three-story marine aquarium in Malcolm's Scotland residence. *Id*. On November 30, 2015, the aquarium collapsed. *Id*. 25,000 gallons of salt water and live fish spread across the residence, causing damage to Malcolm's home and the contents therein. *Id*.

To assist with the aquarium, ATM retained Reynolds Polymer Technology, Inc. ("Reynolds"), which is incorporated and has its principal place of business in Colorado. (ECF No. 22). Reynolds manufactured the acrylic cylinder and shipped it from its factory in Grand Junction,

James C. Mahan
U.S. District Judge

1     Colorado, directly to Scotland. *Id*. In or around March 2010, ATM installed the aquarium in

2     Scotland without Reynolds' participation. (ECF Nos. 1, 22).

3           On April 21, 2017, Malcolm filed this action, naming ATM and Reynolds as defendants.

4     (ECF No. 1). On May 17, 2017, Reynolds filed a motion to dismiss for lack of personal

5     jurisdiction. (ECF No. 6). The court granted the motion on July 6, 2017. (ECF No. 22). Seven

6     months later, on November 27, 2017, Malcolm filed a complaint against Reynolds in the United

7     States District Court, District of Colorado. *See* (ECF No. 127-1). ATM intervened in the Colorado

8     action on December 20, 2018. *Id.*

9     **II.      Legal Standard**

10        *A. Certification for interlocutory appeal*

11           In general, circuit courts review only final orders and decisions of a district court. *See* 28

12     U.S.C. § 1295(a)(1). However, § 1292(b) provides a mechanism by which litigants can bring an

13     immediate, interlocutory appeal of a non-final order upon the consent of both the district court and

14     the court of appeals. *See* 28. U.S.C. § 1292(b); *In re Cement Antitrust Litigation*, 673 F.2d 1020,

15     1026 (9th Cir. 1982).

16           A federal district court may certify for interlocutory review any non-final order for which

17     (1) there is "a controlling question of law upon which" (2) there is a "substantial ground for

18     difference of opinion," and (3) the immediate appeal of which "may materially advance the

19     ultimate termination of the litigation . . ." 28. U.S.C. § 1292(b); *In re Cement Antitrust Litigation*,

20     673 F.2d at 1026. The purpose of § 1292(b) is to provide "immediate appeal of interlocutory

21     orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995).

22           Motions under § 1292(b) are to be granted sparingly. *See James v. Price Stern Sloan Inc.*,

23     283 F.3d 1064, 1068 n.6 (9th Cir. 2002); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.

24     1966) (holding that certification should be granted "only in extraordinary cases where decision of

25     an interlocutory appeal might avoid protracted and expensive litigation."). Importantly, "[i]t was

26     not intended merely to provide review of difficult rulings in hard cases."

27     . . .

28     . . .

1     *B.*   *Transfer of venue*

2        28 U.S.C. § 1404(a) provides:

3
4        For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
5

6 28 U.S.C. § 1404(a). The purpose of the statute is to prevent the waste of "time, energy, and

7 money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and

8 expense . . ." *Ferens v. John Deere Co.*, 494 U.S. 516, 525, 531 (1990) (quoting *Continental Grain*

9 *Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960) (quotations omitted).

10        Motions to transfer venue are considered on "an individualized, case-by-case consideration

11 of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)

12 (quotation omitted). The statute requires the court to find (1) that the district to which defendants

13 seek to have the action transferred is one in which the action "might have been brought" and (2)

14 that the transfer be "[f]or the convenience of parties and witnesses, and in the interest of justice."

15 28 U.S.C. § 1404(a). The burden is on the moving party. *Commodity Future Trading Comm'n v.*

16 *Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

17 **III.**    **Discussion**

18    The court will address the issues of certification for interlocutory appeal and transfer of venue

19 in turn.

20     *A.*   *Certification for interlocutory appeal*

21        The court will deny ATM's motion to certify because ATM has not shown and the record

22 does not otherwise indicate that there are substantial grounds for a difference of opinion with

23 respect to the court's July 6, 2017, order.

24        To demonstrate "a substantial ground for difference of opinion" on a question for § 1292(b)

25 certification, "courts must examine to what extent the controlling law is unclear." *Couch v.*

26 *Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). This difference of opinion traditionally exists

27 where "the circuits are in dispute on the question and the court of appeals of the circuit has not

28

**James C. Mahan**
**U.S. District Judge**

1   spoken on the point, if complicated questions arise under foreign law, or if novel and difficult

2   questions of first impression are presented." *Id.* (citations omitted).

3       However, "just because a court is the first to rule on a particular question or just because

4   counsel contends that one precedent rather than another is controlling does not mean there is such

5   a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

6   A party must show more than a strong disagreement with a court's ruling. *Id.* "That settled law

7   might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

8   (citations omitted).

9       Here, ATM fails to identify how personal jurisdiction law is unclear. To the contrary,

10  ATM seems to agree on the burden required to show both specific and general personal

11  jurisdiction. (ECF No. 90). Instead, ATM argues that this court simply misapplied the well-

12  established law. *Id.* For example, ATM does not dispute the burden required to demonstrate

13  specific jurisdiction; rather, ATM argues that its reliance on details of its business with Reynolds

14  was sufficient to meet the burden. *Id.* ATM also argues this court unfairly weighed certain facts

15  over others. *See generally* (ECF No. 90). Specifically, regarding the formation of Reynolds' and

16  ATM' unwritten contract, ATM argues the weight this court placed on the lack of facts "is subject

17  to a difference of opinion." *Id*.

18      ATM erroneously concludes that the application of well-settled law and weight placed on

19  certain facts establishes a "substantial ground for difference of opinion." In short, ATM's belief

20  that it met its burden of demonstrating the court has personal jurisdiction over Reynolds is not

21  enough to subject the Ninth Circuit's personal jurisdiction law to a "difference of opinions." 28

22  U.S.C. § 1292(b). Mere disagreements with a district court's ruling are not the type of

23  "extraordinary" circumstance that warrants interlocutory appeal. *See U.S. Rubber Co.*, 359 F.2d

24  at 785.

25      Because the court does not find substantial grounds for a difference of opinion, the court

26  need not examine whether there is a controlling question of law or if an immediate appeal will

27  materially advance the ultimate termination of the litigation. *See* 28. U.S.C. § 1292(b) (providing

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  the elements for certification). Accordingly, the court finds there are no novel circumstances that

2  call for interlocutory review. The court denies ATM's motion.

3      *B. Transfer of venue*

4         The transfer of venue analysis is two-fold. The court must first determine whether the case

5  could have been brought in the forum to which the transfer is sought. *Van Dusen*, 376 U.S. 612,

6  616 (1964) (citing 28 U.S.C. § 1404(a)). If so, the court continues to make an "individualized,

7  case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498. As the party

8  requesting the transfer, ATM bears the burden of proving that Colorado is the more appropriate

9  forum for the action. *Id.* at 499.

10         § 1404(a) permits a court to "transfer any civil action to any other district or division where

11  it might have been brought . . ." 28 U.S.C. § 1404(a). A plaintiff can commence an action in any

12  court that has subject matter jurisdiction, personal jurisdiction, and proper venue. *See A.J.*

13  *Industries, Inc. v. U.S. District Court for Central Dist. of Cal.*, 503 F.2d 384, 386–88 (9th Cir.

14  1974). The parties appear to agree that this case could have been filed in the District of Colorado.

15  *See* (ECF Nos. 127, 129). Nonetheless, the court considers this issue because the parties cannot

16  waive any of the requirements set forth in § 1404(a). *See Hoffman v. Blaski*, 363 U.S. 335, 342–

17  44 (1960).

18         With regards to personal jurisdiction, Colorado has a long arm statute which allows the

19  District of Colorado to exercise personal jurisdiction to the full extent that the Due Process Clause

20  of the Fourteenth Amendment allows. *Colo. Re. Stat* § 13-1-124; *Pro Axess, Inc. v. Orlux Distrib.,*

21  *Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). Personal jurisdiction comports with due process when

22  a defendant has minimum contacts with the forum state such that jurisdiction does not offend

23  "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310,

24  316 (1945).

25         A defendant can have minimum contacts with a forum under the doctrines of general

26  jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *World–Wide*

27  *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Asahi Metal Indus. Co. v. Superior*

28  *Court of Cal.*, 480 U.S. 102, 109 (1987). The court addresses each in turn.

**James C. Mahan**
**U.S. District Judge**

1      *a.*  *General jurisdiction*

2        To establish general jurisdiction for a corporation, "the place of incorporation and principal

3 place of business are paradigm bases for general jurisdiction." *See Daimler*, 571 U.S. at 137

4 (citation omitted). A corporation may also be subject to general jurisdiction in a forum where it

5 has engaged in "substantial, continuous, and systematic courses of business" so as to render it "at

6 home" in that forum. *Id.* at 137–38.

7        Malcolm alleges that ATM is incorporated in Nevada and has its principal place of business

8 in Las Vegas. (ECF No. 1). ATM does not dispute these allegations. Moreover, ATM has not

9 provided any evidence showing that it has any substantia or systematic business ties in Colorado.

10 Therefore, the District of Colorado does not have general jurisdiction over ATM.

11      *b.*  *Specific jurisdiction*

12        Courts determine whether they can exercise specific jurisdiction by considering whether

13 the defendant "purposefully availed itself of the privilege of conducting activities within the forum

14 state." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008)

15 (brackets, citation, and quotes omitted). In assessing contract cases, the Tenth Circuit determines

16 purposeful availment by looking to "prior negotiations and contemplated future consequences,

17 along with the terms of the contract and the parties' actual course of dealing." *AST Sports Sci.,*

18 *Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008).

19        The contract does not indicate that ATM would commission manufacture of the tank in

20 Colorado, much less engage in any other acts that would trigger rights and privileges in Colorado.

21 (ECF No. 1-1). Moreover, ATM has not shown that it negotiated with Malcolm in Colorado or

22 that any prior course of dealing involved activities in Colorado. Therefore, the District of Colorado

23 does not have specific jurisdiction over ATM.

24        In sum, Malcom could not have originally filed this action in Colorado because the District

25 of Colorado does not have personal jurisdiction over ATM. Therefore, the court will deny ATM's

26 motion to transfer venue. The court recognizes the unnecessary expense, loss of time, and risk of

27 inconsistent results that arises from dual litigation in multiple forums. However, ATM is not

28

**James C. Mahan**
**U.S. District Judge**

1  without legal remedy as it can file a motion to stay proceeding pending resolution of the Colorado

2  case.

3  **IV.    Conclusion**

4       Accordingly,

5       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that ATM's motion to to

6  modify and certify the court's order for interlocutory appeal (ECF No. 90) be, and the same hereby

7  is, DENIED.

8       IT IS FURTHER ORDERED that ATM's motion to transfer venue (ECF No. 127) be, and

9  the same hereby is, DENIED.

10      DATED April 30, 2019.

11

12  _____
    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**