UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN MALCOLM, <br><br> Plaintiff(s), <br><br> v. <br><br> ACRYLIC TANK MANUFACTURING, INC., et al, <br><br> Defendant(s). | Case No. 2:17-CV-1108 JCM (PAL) <br><br> ORDER |

Presently before the court is defendant Acrylic Tank Manufacturing of Nevada's ("ATM") motion to stay. (ECF No. 140).

**I.      Facts**

This action arises from a 2007 contract between Steven Malcolm and ATM. (ECF No. 1). ATM agreed to build and install a state-of-the-art, three-story marine aquarium in Malcolm's Scotland residence. *Id*. On November 30, 2015, the aquarium collapsed. *Id*. 25,000 gallons of salt water and live fish spread across the residence, causing damage to Malcolm's home and the contents therein. *Id*.

To assist with the aquarium, ATM retained Reynolds Polymer Technology, Inc. ("Reynolds"), which is incorporated and has its principal place of business in Colorado. (ECF No. 22). Reynolds manufactured the acrylic cylinder and shipped it from its factory in Grand Junction, Colorado, directly to Scotland. *Id*. In or around March 2010, ATM installed the aquarium in Scotland without Reynolds' participation. (ECF Nos. 1, 22).

On April 21, 2017, Malcolm filed this action, naming ATM and Reynolds as defendants. (ECF No. 1). On May 17, 2017, Reynolds filed a motion to dismiss for lack of personal

**James C. Mahan**
**U.S. District Judge**

jurisdiction. (ECF No. 6). The court granted Reynolds' motion on July 6, 2017. (ECF No. 22). Seven months later, on November 27, 2017, Malcolm filed a complaint against Reynolds in the United States District Court, District of Colorado. *See* (ECF No. 127-1). ATM intervened in the Colorado action on December 20, 2018. *Id.*

Now, ATM moves to stay proceedings pending the outcome of the Colorado litigation on the grounds that both cases involve the same issues. (ECF No. 140).

## II. Legal Standard

The power to stay proceedings is incidental to the inherent power in every court to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Courts appropriately exercise their discretion to stay a case when the resolution of another legal proceeding will have a direct impact on the issues before the court. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).

In determining whether to stay a case, courts must weigh "competing interests which will be affected by the granting or refusal to grant a stay[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX*, 300 F.2d at 268). These competing interests include:

> . . . the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* (citing *CMAX*, 300 F.2d at 268). The movant bears the burden of establishing the need to stay the case. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III. Discussion

This action and the Colorado case involve the collapse of the marine aquarium. The only significant difference between the two proceedings is that the Colorado case involves all parties, including Reynolds, and this action involves only Malcolm and ATM. *See* (ECF No. 140). Thus, staying this case is in the interest of judicial economy because the Colorado case will likely resolve

James C. Mahan
U.S. District Judge

- 2 -

all or almost all issues in this litigation. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

The court also notes that denying ATM's motion would likely cause the parties to needlessly incur costs litigating substantively duplicate actions in multiple forums. Moving forward with this action may also harm proceedings in Colorado and eventually create inconsistent results. Lastly, staying proceedings pending the outcome of the Colorado case will not cause any substantial hardship to Malcom because he is already litigating in Colorado.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that ATM's motion to stay (ECF No. 140) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *Malcolm v. Acrylic Tank Manufacturing of Nevada et al.*, case number 2:17-cv-1108-JCM-BNW, be, and the same hereby is, STAYED pending the outcome of *Malcolm v. Reynolds Polymer Technology, Inc.*, case number 17-cv-2835-WJM-KLM (D. Colo.).

IT IS FURTHER ORDERED that ATM shall file a motion to lift stay within ten (10) days after the Colorado case has concluded.

DATED May 23, 2019.

_____
UNITED STATES DISTRICT JUDGE